UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Daniel D. Wine
    *Plaintiff*,

v.

CHAPDELAINE, et al.,
    *Defendants.*

No. 3:18-cv-00704 (VAB)

**PROTECTIVE ORDER**

1. It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials produced in this action under Fed. R. Civ. P. 26(c).

2. The use of any video file provided by Defense counsel to Plaintiff's counsel, his staff, or experts, that shows or depicts any inmate and any part of the inside or outside of a Connecticut Correctional Institution shall consist of and be limited to disclosure to:

    a) Counsel of record for the named Plaintiff and Defendant;

    b) Intern, paralegal, clerical and secretarial staffs employed by counsel referenced in section (**a**) above;

    c) Experts, investigators, and consultants retained by counsel in connection with any litigation arising from this incident;

    d) This Court;

    e) Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action;

    f) The plaintiff while he is in the presence of his counsel of record;

        and

    g) Witnesses at deposition and trial.

3. That any person identified in Paragraph 1(b), (c), or (g) to whom the video file is to be disclosed subject to the Protective Order shall be informed of the contents of the Protective Order prior to said disclosure and shall agree in writing, or by statement recorded in a written transcript of

proceedings, to be bound by its terms.

4. The plaintiff, his attorneys, agents, employees, and/or experts are expressly prohibited from copying said video file without prior written consent of Defendants' counsel or approval of the court, except that Plaintiff's counsel may save an electronic copy of the video file on their workplace computers and may make copies for purposes of court submissions, subject to paragraph (6) below. Although the Plaintiff and his counsel of record are permitted to disclose the contents of the video file to deposition and/or trial witnesses subject to the requirements set forth herein, the Plaintiff and his counsel of record are prohibited from providing a physical copy or copies of the video file to any deposition and/or trial witness. Within thirty days of the conclusion of the case, including any appeals thereof, all copies of the video file shall be returned to Defense counsel or otherwise destroyed by agreement.

5. Any party may seek a modification of the Protective Order based upon a showing of good cause that the modification is necessary to further this pending court proceeding only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reason or reasons that disclosure of protected information is necessary to advance this litigation.

6. Nothing in the order waives any party's right to object to the admissibility of any video file at trial in this or any other proceeding.

7. Prior to filing said video file with the court and/or moving for its introduction into evidence, both parties will jointly request that the video file be filed under seal.

8. This video files are specifically identified as:
    - Disc # MAC-VP-15-429
    - Disc # MAC-VP-15-430
    - Disc # MAC-VP-15-457

9. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court.

10. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of April, 2023.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge