## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Daniel D. Wine<br>  *Plaintiff*,<br><br>v.<br><br>CHAPDELAINE, et al.,<br>  *Defendants*. | No. 3:18-cv-00704 (VAB) |

## PROTECTIVE ORDER

Consistent with the motion filed by Black, Diaz, and Drolet ("Defendants"), ECF. No. 125, and agreed to by Daniel D. Wine ("Plaintiff"), the Court hereby enters the following order in the interest of the preservation of safety and security of the still images and their use during the preparation of trial and trial in this case:

1. The use of any still images provided by Defense counsel to Plaintiff's counsel, his staff, or experts, that shows or depicts any inmate and any part of the inside or outside of a Connecticut Correctional Institution, shall consist of and be limited to disclosure to:

   a) Counsel of record for the named Plaintiff and Defendants;

   b) Intern, paralegal, clerical and secretarial staffs employed by counsel referenced in section (a) above;

   c) Experts, investigators, and consultants retained by counsel in connection with any litigation arising from this incident;

   d) This Court;

   e) Any court reporter present in his or her official capacity at any hearing, deposition or other proceeding in this action;

   f) The Plaintiff while he is in the presence of his counsel of record; and

   g) Witnesses at deposition and trial.

2. That any person identified in Paragraph 1(b), (c), or (g), to whom the still images are to be disclosed subject to the Protective Order, shall be informed of the contents of the Protective Order before any such disclosure and shall agree in writing, or by statement recorded in a written transcript of proceedings, to be bound by its terms.

3. The Plaintiff, his attorneys, agents, employees, and/or experts are expressly prohibited from copying any such images without prior written consent of Defendants' counsel or approval of the Court, except that Plaintiff's counsel may save electronic copies of the images on their workplace computers and may make copies for purposes of court submissions, subject to paragraph (6) below. Although the Plaintiff and his counsel of record are permitted to disclose the contents of the still images to deposition and/or trial witnesses, subject to the requirements set forth herein, the Plaintiff and his counsel of record are prohibited from providing physical copies or copies of the still images to any deposition and/or trial witness. Within thirty (30) days of the conclusion of the case, including any appeals thereof, all copies of the images shall be returned to Defense counsel or otherwise destroyed by agreement.

4. Any party may seek a modification of this Protective Order based upon a showing of good cause that the modification is necessary to further this pending court proceeding only. In the event such a motion is made, the identity of any person to whom disclosure of information is sought shall be included within the motion, along with the reason or reasons that disclosure of protected information is necessary to advance this litigation.

5. Nothing in this Protective Order waives any party's right to object to the admissibility of any still image at trial in this or any other proceeding.

6. Before filing any such still images with the Court and/or moving for their introduction into evidence, both parties will jointly request that the images be filed under seal.

7. This still images are specifically identified as:
   - IMG_0060_R pod tier view
   - IMG_0061_R pod back to front
   - IMG_0062_R pod upper tier
   - IMG_0063_R pod open space in front of bubble
   - IMG_0064_R pod open space phones
   - IMG_0065_R pod above bubble

- IMG_0066_R pod mailboxes

      **SO ORDERED** at Bridgeport, Connecticut, this 25th day of May, 2023.

      /s/ Victor A. Bolden
      VICTOR A. BOLDEN
      UNITED STATES DISTRICT JUDGE