UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL WINE, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL NO. 3:18-CV-00704 (VAB) |
| | : | |
| CHAPDELAINE, *et al.*, | : | |
| *Defendants*. | | |

**PROTECTIVE ORDER *re:* DESIGNATED MATERIAL**

1. It is hereby ordered by the Court that, in accordance with the Federal and Local Rules of Civil Procedure governing disclosure, the following shall apply to the disclosure of an unredacted copy of: ***Department of Corrections Incident Report (IR MWCI 15-06-030 Wine #402025)***.

2. The unredacted report and the documents comprising it will constitute "Designated Material" under this Order. The designation shall be in the form of "Attorneys' Eyes Only."

3. "Attorneys' Eyes Only" ("AEO") means confidential information that the Defendants and Defendants' attorneys reasonably and in good faith believe is sufficiently sensitive or believes raises sufficient safety, security, or privacy concerns such that disclosure under a designation of "confidential" is insufficient to protect the safety, security, or privacy interests involved and that good cause therefore exists to designate the view and use of the material for the parties' attorneys only. Because the Plaintiff in this case is an inmate currently incarcerated within the Connecticut Department of Correction, and

because the litigation involves disclosure of a variety of correctional records, including those with information concerning correction staff, other inmates, health information, Department of Correction internal investigations, and the layout of the MacDougall Walker Correctional Institution, the Defendants maintain that "Attorneys' Eyes Only" designation for the information described herein, will balance the interests of advancing this litigation while still preserving the other interests involved.

4. Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. *Parties*: <u>No material</u> designated as "Attorneys' Eyes Only" can be disclosed to the Plaintiff (other than the Plaintiff's counsel or his paralegal, clerical or secretarial staff), even in preparation of the Plaintiff as a witness in this case, without the consent of counsel for the Defendants and counsel for the Commissioner of Correction, unless a challenge is made to the AEO designation in compliance with Paragraph 11 and the challenge is resolved either through an agreement with the Defendants, their counsel and counsel for the Department of Corrections, or by the Court.

   b. *Non Parties, including Non-Party Witnesses or Prospective Witnesses*: No material designated as "Attorneys' Eyes Only" can be disclosed to witnesses or potential witnesses (or anyone other than those designated in Paragraphs 4(c) or (d)), even in preparation of such witnesses or potential

witnesses in this case, without the consent of counsel for the Defense (including counsel for the Commissioner of Correction), or unless the Court resolves a challenge to the designation in the Plaintiff's favor.

c. *Counsel: including Parties' Counsel of Record, In-House Counsel, Outside Counsel, and Retained and Non-Retained Experts*: Material designated "Attorneys' Eyes Only," may be disclosed to the Plaintiff's counsel of record, the Plaintiff's retained experts and non-retained experts, along with the Plaintiff's associate counsel, paralegals, and regularly employed office staff. The Plaintiff's retained and non-retained experts shall first execute a copy of Exhibit A prior to viewing the Designated Material and shall at all times agree to comply with the terms of this Order by signing said Exhibit A prior to reviewing the Designated Material. The signed copies shall be retained by Counsel for the Plaintiff. Material designated as "Attorneys' Eyes Only" may be disclosed as appropriate to attorneys within the Department of Correction Legal Affairs unit and within the Connecticut Office of the Attorney General, including attorneys in addition to the Assistant Attorneys General who have appeared as counsel of record in this litigation.

d. *Other persons*: Designated Material may be provided as necessary to copying services, translators, and litigation support firms. Before Designated Material is disclosed to such third parties, each such person

must agree to be bound by this Order by reviewing it and signing a copy of Exhibit A.

5. Prior to disclosing or displaying any Designated Material to any person, counsel for the Plaintiff shall:

   a. Inform the person of the confidential nature of the Designated Material; and,

   b. Inform the person that this Court has enjoined use of the Designated Material for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

6. The designated material may be displayed to and discussed with the persons identified in Paragraphs 4(c) and (d) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form of attached hereto as Exhibit A.

7. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

8. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

9. Documents, records, or other materials or information shall be designated by stamping or otherwise marking the documents with the words "Attorneys'

Eyes Only," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order.

10. Within a reasonable time, the Plaintiff may submit a request in writing to the Defendants counsel (including counsel for the Department of Correction) challenging the designation and requesting that it be modified or withdrawn. If the Defendants' counsel and counsel for the Department of Correction do not agree to the redesignation within fifteen business days, counsel for the Plaintiff may apply to the Court for relief. Upon any such application, the burden shall be on the Defendants to show why the designation is proper. Before serving a written challenge, the Plaintiff's counsel must attempt in good faith the meet and confer with counsel for the Defendants and the Department of Correction in an effort to resolve the matter.

11. If it becomes necessary to introduce or file the Designated Material with the Court in the course of any judicial proceeding, the moving party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate. Filing any papers or materials containing Designated Material does not alter the designated status of the material.

12. Upon final termination of this action, all Designated Material and Copies thereof shall be returned promptly (and in no event later than thirty (30) days after entry of final judgment), returned to counsel for the Defendants.

13. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

**SO ORDERED** at Bridgeport, Connecticut, this 31st day of May, 2023.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE