**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DANIEL WINE,<br>*Plaintiff,* | : | CIVIL NO. 3:18-CV-00704 (VAB) |
| v. | : | |
| WARDEN CHAPDELAINE, et al<br>*Defendants* | : | JUNE 2, 2023 |

**DEFENDANTS' RULE 37 MOTION FOR SANCTIONS**

Pursuant to the Fed. R. Civ. P. 37(a) and Local Rule 37, the Defendants move this Court to impose sanctions for Plaintiff's repeated noncompliance with discovery in accordance with Rule 26(a), 30(b) and 34. The Defendants have tried in good faith to secure initial disclosures and discovery from the Plaintiff on multiple occasions as outlined in the Defendants' accompanying memorandum, including requesting and attending a meet-and-confer with Plaintiff's counsel. Despite these efforts, the Plaintiff has not responded to the Defendants' requests for production. As more fully explained infra, the Defendants are left with no choice but to now move this Court for the imposition of sanctions in the form of precluding all evidence that should have been disclosed under Rule 26 and provided in response to Defendants' repeated requests for production under Rules 30 and 34. The Defendants also seek the imposition of costs for counsel's time in preparing the instant motion and memorandum of law.

**A. Nature of the Case**

The Plaintiff, Daniel Wine, filed his pro se Complaint in the above captioned case on April 24, 2018. (ECF 1). Thereafter, the Complaint was amended on June 7, 2018, and May 9, 2019. (ECF 13, 20). The Court then issued its IRO in response to the Plaintiff's Second Amended Complaint on July 19, 2020. (ECF 23). The next day, on July 20, 2020, the Court issued its *Standing Order re: Initial Discovery Disclosures*. (ECF 25).

On August 26, 2020, the Defendants filed their answer to the Plaintiffs Second Amended Complaint. (ECF 33). And in accordance with the Court's *Standing Order*, the Defendants mailed the Plaintiff their initial disclosures on October 2, 2020. (ECF 37). At no time thereafter, did the Plaintiff provide the Defendants with initial disclosure as required by the Court's standing order.

On February 23, 2021, appointed counsel filed his appearance on behalf of the Plaintiff. (ECF 51). On March 31, 2021, this Court issued a new scheduling order in which is set July 2, 2021, as the date by which discovery was to be complete. (ECF 55). On June 25, 2021, the Defendants provided copies to Plaintiff's counsel of the initial disclosures that were provided to the Plaintiff. At no time prior to July 2, 2021, did the Plaintiff provide the Defendants with initial discovery in accordance with the Court's *Standing Order* or pursuant to Fed. R. Civ. P. 26.

On June 23, 2021, this Court extended the scheduling order deadlines and set the new date for the closure of discovery as October 1, 2021. (ECF 59). At no time prior to October 1, 2021, did the Plaintiff provide the Defendants with initial

discovery in accordance with the Court's *Standing Order* or pursuant to Fed. R. Civ. P. 26.

After several modifications to the Court's pre-trial Scheduling Order, the Defendants motion for summary judgment was argued on February 15, 2023 (ECF 107) and ultimately denied by the Court on February 17, 2023 (ECF 108). On the same day, this Court marked the matter trial-ready and scheduled jury selection for July 10, 2023. (ECF 109).

On February 28, 2023, the Defendants' filed a motion for permission to take the Plaintiff's deposition. (ECF 114). The motion was granted and the Court *sua sponte* extended the deadline for conducting all depositions to April 28, 2023. (ECF 115). On March 27, 2023, after communications with counsel for the Plaintiff, the Defendants noticed the deposition of the Plaintiff for April 26, 2023. (Exhibit A). The Defendants also appended to their Notice, several written requests for disclosure and production as authorized by Rules 26 and 34 of the Federal Rules of Civil Procedure. *Id*. On April 20, 2023, Counsel for the Defendants sent an email to Counsel for the Plaintiff reminding him that the Defendants were still waiting for initial disclosures and asked that he provide them. (Exhibit B).

On April 24, 2023, in response to a request from Plaintiff's Counsel for electronic copies of the Defendants initial disclosures, Defense Counsel emailed Plaintiff's counsel the requested copies. At the same time, Defense Counsel again requested that the Plaintiff provide his initial disclosures to the Defendants prior to the April 26, 2023 deposition date so that the Defendants could inquire about any of

the information if necessary. (Exhibit C). On April 25, 2023, Counsel for the Plaintiff emailed the Defendants a two-page document titled "Plaintiff's 26(A)(1) Initial Disclosures." (Exhibit D). No documents were appended to the disclosure document.

On April 26, 2023, Counsel for the Defendants deposed the Plaintiff remotely. The Plaintiff, through his counsel, did not produce any of the materials requested by the Defendants in their request for production appended to the Plaintiff's Notice of Deposition. However, during the course of the deposition, the Plaintiff identified additional individuals who he claimed had potentially relevant and discoverable evidence, he identified physical documents that he had intentionally failed to turn over, and he brought documents to the deposition that he used to testify from but also failed to identify in his initial disclosures. (Exhibit E[1]). Some of the individuals and materials that he discussed included:

- Information about the existence of two inmate declarations (one of which was allegedly provided to counsel for the Plaintiff a week before the deposition), including one from a Robert D. Andrews (Exhibit E, *Transcript* at 44-46, 46, 122).
- Information about the existence of a short list of witnesses the Plaintiff was maintaining in his cell (Exhibit E, *Transcript* at 51);

[1] As of the filing of this motion, the Plaintiff has not returned his signed jurat and errata sheets in connection with this deposition.

- Plaintiff's "calendars" that he brought back from his cell after a break and from which he proceeded to reference while he testified. (Exhibit E, *Transcript* at 61, 121-22, 131, 146-147).
- Information about multiple police officers, including a Sergeant Samson who his sister, Dana Wine allegedly had multiple conversations with, and an Officer Stebbins, both of whom interviewed the Plaintiff as part of a police investigation the physical altercation which is the subject of the lawsuit (Exhibit E, *Transcript* at 142, 147, 149)
- The assertion that he would be calling his criminal defense attorney to testify at the trial in support of his claim that he was denied access to legal counsel as part of a coverup of the wrongs allegedly committed by the Defendants (Exhibit E, *Transcript* at 194).

In explaining why the new information had never been disclosed to the Defendants, the Plaintiff testified: "***[S]o now I need a bigger stage to get this out onto before I start throwing out every little detail.... Some things you hold close to your vest until it's the proper time and its pertinent. I didn't just voluntarily give you all these declarations from other inmates and stuff and other COs that are willing to testify about things. We're holding that close to our vests. That will be turned over just before trial.***" (Emphasis added.) (Exhibit E, *Transcript* at 200-01). In response to these remarks, Counsel for the Defendants reminded the Plaintiff that he had an obligation to comply with discovery. At the close of the

deposition, defense counsel then stated for the record that she was leaving the deposition open so that unresolved discovery matters could be addressed if necessary.

The next day, on April 27, 2023, undersigned counsel sent an email to counsel for the Plaintiff as a courtesy advising that the Defendants considered the Plaintiff to be in violation of Rule 26 and requesting again that the Plaintiff comply with the Rule and rectify the discovery deficiencies. (Exhibit F). Undersigned counsel received no acknowledgement in response and no disclosure or discovery.

On May 3, 2026, undersigned counsel sent counsel for the Plaintiff a second formal request for disclosure and production under Rules 26 and 34. (Exhibit G). Undersigned counsel received no acknowledgement in response to this email and no disclosure or discovery in response to Defendants' written request.

On May 16, 2023, undersigned counsel sent an email to Counsel for the Plaintiff requesting a "meet-and-confer" in accordance with Local Rule 37, to address the unresolved discovery issues. (Exhibit H). She also advised counsel for the Plaintiff that she had supplemental disclosures she wished to make but wanted counsel's position on a protective order first. Undersigned counsel received no acknowledgments in response to her emails.

On May 23, 2023, undersigned counsel sent a second email to Counsel for the Plaintiff again requesting the opportunity to meet and confer with him and resolve the outstanding discovery noncompliance. (Exhibit I). On May 24, 2023, counsel for the Plaintiff responded to undersigned counsel's email and requested that the parties speak on May 25, 2023. Undersigned counsel agreed.

On May 25, 2023, the parties spoke by TEAMS video conference about the outstanding discovery issues and reached an agreement with respect to each issue discussed. Following the meeting, undersigned counsel sent an email to counsel for the Plaintiff summarizing the commitments that had been made by each side. The commitments were outlined as follows:

(1) [Defense Counsel] will prepare an "Attorney's Eyes Only" copy of the DOC incident report for you which will be un-redacted
(2) [Defense Counsel] will also prepare the protective order to file (for the IR) before sending it to you ([Defense Counsel] will try to file that today)
(3) If the Court agrees to extend discovery (your motion), [Defense Counsel] will arrange Daniel Burke's appearance at a deposition on June 6, 2023, at 9:30 (unless DOC advises that time is not doable – and if that happens, [Defense Counsel will] let you know and we can adjust)
(4) [Defense Counsel] agree[s] to your request to extend discovery so that you can
    a. depose Burke and
    b. secure your expert's reports on liability / damages*

    *but to clarify, Defendants do not otherwise consent to the admissibility of the evidence or waive any other objections that they may have to the new evidence and the consent is contingent upon the court granting the Defendants additional time to respond to any late-disclosed reports from these experts by deposing them and / or securing our own experts to respond etc.*
(5) You will file a motion to extend discovery so that you can take the deposition of Daniel Burke and secure written reports from your experts (please disclose who these experts are)*
(6) You will provide contact information for Dana Wine
(7) You will provide the two declarations / affidavits your client mentioned during his deposition
(8) You will provide the list of witnesses that Wine has been keeping in his cell
(9) You will provide copies of Wine's calendars / day planners since 2014 that he used to testify from during his deposition
(10) You will provide additional identifying information about the police your client mentioned during his deposition including where Officer Stebbins and Sergeant Samson are employed (or were employed) when they met with him
(11) You will confirm whether Wine's defense attorney is being disclosed as an individual with discoverable information in this case and if so, produce contact information for him
(12) You will provide a written response to Defendant's May 3, 2023, request for production and disclosure

(Emphasis in original) (Exhibit J). At the close of the email, undersigned counsel invited Plaintiff's counsel to respond with any corrections or objections after reviewing her summary. *Id.* Undersigned counsel received a read receipt evidencing that Plaintiff's counsel opened the email. (Exhibit K). Thereafter she received no follow-up email from Plaintiff's counsel seeking any modifications of the outlined agreements.

Approximately an hour after the meet-and-confer concluded, undersigned counsel received an email from Plaintiff's counsel disclosing Jeff Eiser as an expert. The email included six attachments which contained information about Mr. Eiser's qualifications and payment demands, but did not include an expert report. Also attached to the email was a copy of the Plaintiff's motion to modify the court's Scheduling Order. The motion sought to extend discovery to June 6, 2023 so that the Plaintiff could depose a final witness (inmate Daniel Burke) and the Defendants could depose Mr. Eiser. On May 26, 2023, this Court granted the Plaintiff's motion to extend discovery "until **June 6, 2023** to allow for the deposition of Correction Officer Burke and the plaintiff's expert Jeff Eiser by the Defendants." (Emphasis in original) (ECF 129).[2]

[2] As explained separately in Defendants' June 2, 2023 *Objection Nunc Pro Tunc*, the Defendants have objected to *Plaintiff's Motion to Modify Scheduling Order* and have further requested that this Court vacate its order granting the motion.

On June 1, 2023, while attempting to reschedule the deposition of inmate Burke,[3] Plaintiff's counsel emailed undersigned counsel and suggested that he could produce Dana Wine for a deposition on the same day. In response, undersigned counsel reiterated to Plaintiff's counsel that the Defendants were requesting Dana Wine's *contact information in accordance with Rule 26.* In response to this email, Plaintiff's counsel did not provide contact information for Dana Wine. (Exhibit L).

As of today, June 2, 2023, the Defendants have not received any of the materials that Plaintiff agreed to turn-over at the parties' May 25, 2023 meet-and-confer, with the exception of the identity of proposed expert witness Jeff Eiser. Jury selection is scheduled to begin in just over four weeks on July 10, 2023.

**B. Applicable Legal Principles**

Under the Federal Rules of Civil Procedure, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…." Fed. R. Civ. P. 26(b)(1). This includes "the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350-51 (1978). "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept." (Citation omitted.) *Ice Cube Bldg., LLC v. Scottsdale Ins. Co.*, Civil No. 3:17CV00973(KAD), 2019 U.S. Dist. LEXIS 91401, at *8, 2019 WL

[3] For clarification, Daniel Burke is a former correctional officer. He is currently an inmate at Corrigan-Radgowski Correctional Institute.

2323890 (D. Conn. May 31, 2019). It has been construed "to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on, any issue that is or may be in the case…. [D]iscovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits." (Citations omitted). *Oppenheimer Fund, Inc.*, at 351. In short, any evidence is discoverable if it is reasonably calculated to lead to the discovery of admissible evidence. *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). The fact that the evidence sought may ultimately not be admissible at trial is not a bar to disclosure. Fed. R. Civ. P. 26(b) (1).

When a party objects to discovery that has been requested of him or her, that party may object, but "bears the burden of demonstrating that its objections should be sustained." *Hannah v. Wal-Mart Stores, Inc.*, CIV. NO. 3:12CV1361 (JCH) 2014 U.S. Dist. LEXIS 75745, at *7, 2014 WL 2515221 (D. Conn. June 3, 2014). In satisfying this burden, the objecting party must show "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, burdensome or oppressive." *Foley v. Town of Marlborough,* No. 3:19-cv-01481 (VAB), 2022 U.S. Dist. LEXIS 154798, at *47-48, 2022 WL 3716505 (D. Conn. Aug. 29, 2022). Accordingly, "[a]n objection to a document request must clearly set forth the specifics of the objection and how that objection relates to the documents being demanded." *Hannah*, at *7. "[P]at, generic,

non-specific objections, intoning the same boilerplate language are inconsistent with both the letter and the spirit of the Federal Rules of Civil Procedure." *Benjamin v. Oxford Health Ins., Inc.*, No. 3:16CV00408(AWT)(SALM), 2017 U.S. Dist. LEXIS 2764 at *11-12, 2017 WL 772328 (D. Conn. Feb. 28, 2017) (quoting *In re Priceline.com Inc. Sec. Litig.*, 233 F.R.D. 83, 85 (D. Conn. 2005)).

### C. The Imposition of Sanctions is Commensurate with the Discovery Violations

The Defendants seek orders from this Court precluding the Plaintiff from introducing any and all evidence that should have been turned over under Rules 26, 30 and 34 but which the Plaintiff chose instead to withhold.

#### 1. Rule 26 Compliance

As outlined above, although the Plaintiff provided the Defendants with a document titled "Plaintiff[‘s] 26[a]1 Initial Disclosures," the document did not include all of the information that is required by Rule 26. First, the Plaintiff disclosed his sister Dana Wine as potentially having discoverable information yet he failed to provide any contact information for her and has continued to withhold that information despite repeated requests that it be disclosed.[4] Additionally, the Plaintiff asserted at his deposition, that there were multiple individuals likely to have

[4] The Plaintiff also acknowledged during his April 26, 2023, deposition that he suspected his sister might be deposed given the relevant information she would be able to share. (Exhibit E, *Transcript* at 149) ("My sister has called the trooper several times right after that. I believe she had several conversations with Sergeant Samson, which again ***goes to this trial, my sister will discuss all of that***. ***I think we may be taking a deposition of her***, I'm not sure, and Sergeant Samson and whoever else.").

discoverable information, but he did not identify those people in his Rule 26(a) initial disclosure document and provide the Defendants with contact information for them. Specifically, the Plaintiff averred under oath that he had secured declarations from two individuals, yet he failed to provide the names and contact information form them in his disclosures and has continued to withhold the actual declarations. He also identified members of the State Police who allegedly had a hand at investigating the Plaintiff's assault complaint in August of 2015, but no Troop information has been provided in writing with respect to the identity of these individuals. On May 25, 2023, Plaintiff's counsel agreed to turn over this previously undisclosed initial discovery, yet as of June 2, 2023, he has not done so. "Rule 26(a)(1) requires disclosure of fact witnesses in a timely fashion so the opposing party may take the discovery of that witness." *Irish v. Tropical Emerald LLC*, 2021 U.S. Dist. LEXIS 87946 (E.D.N.Y May 6, 2021). By any standard, five years is simply not "timely."

The Plaintiff also claimed in his initial disclosure document that he is claiming "non-economic damages" and "punitive damages," yet he has failed to present a figure demand let alone produce any computation of the damages, despite multiple written requests for information related to damages submitted prior to, and subsequent to, the Plaintiff's deposition. Although Rule 26 does not indicate the level of specificity that must accompany a financial demand, at the very least it "contemplates an estimate of damages and some analysis." (Internal quotation marks and citation omitted.) *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 29 (W.D.N.Y. Aug. 14, 2014). Neither has been provided to the Defendants.

At this time, there is simply no excuse for the Plaintiff's noncompliance with Rule 26. This lawsuit was filed by the Plaintiff in 2018. The trial is scheduled to begin in just over 4 weeks. The Plaintiff has had five years to produce his initial disclosures related to the events that allegedly occurred in 2015. The Plaintiff's obligation to disclose is not dependent upon a written request from the Defendants, although multiple have been submitted. Fed. R. Civ. P. 26(a)(1)(A). In failing to provide Rule 26 information, in providing incomplete information, and in committing to provide information and then failing to do so, the Plaintiff has repeatedly deprived the Defendants of the ability to fully investigate *in a timely manner* the Plaintiff's claims and the evidence which may support or refute them. More troubling is the fact that the Plaintiff's noncompliance appears to be intentional. This is not a situation where the Plaintiff inadvertently provided slightly late discovery or lost track of a deadline. Rather, the Plaintiff testified at his deposition that the decision to withhold relevant evidence was made knowingly as part of his trial strategy: "I didn't just voluntarily give you all these declarations from other inmates and stuff and other COs that are willing to testify about things. We're holding that close to our vests. That will be turned over just before trial."[5] (Exhibit E, *Transcript* at 200-01). Despite these brash statements, counsel for the Plaintiff subsequently agreed to turn

[5] After denying the Defendants' motion for summary judgment on February 17, 2023, this Court set the trial date as July 10, 2023. (ECF No.s 108, 109). Thereafter, the court modified the discovery schedule to permit deposition to proceed until April 28, 2023. (ECF 115). Then on March 19, 2023, the Court granted the Plaintiff's motion to extend discovery util June 2, 2023. (ECF No's 119, 120). Thus, when the Plaintiff testified at his deposition on April 26, 2023, he was fully aware that discovery was set to close in approximately 6 weeks and his trial date was a mere ten weeks away.

over the missing evidence. Yet, he has also failed to do so. The Plaintiff's bad-faith conduct cannot be condoned.[6]

Pretrial discovery is designed to avoid sand-bagging, gamesmanship and trial by ambush. *See Kalra v. Adler Pollock & Sheehan, P.C.*, 2022 U.S. Dist. LEXIS 16578, at *14-15 (D. Conn. Jan. 31, 2022) (citing *Canales v. United States*, 2021 U.S. Dist. LEXIS 77873, 2021 WL 1588809, at *2-3 (E.D.N.Y. Apr. 22, 2021), *aff'd*, 2021 U.S. Dist. LEXIS 237296, 2021 WL 5830765 (E.D.N.Y. Dec. 8, 2021) ("The purpose of [Rule 37(c)] is to prevent the practice of sandbagging an adversary with new evidence.")); *see also Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 29 (W.D.N.Y. Aug. 14, 2014) (citing *Mawby v. United States*, 999 F.2d 1252, 1254 (8th Cir. 1993) ("We have said that the purpose of our modern discovery procedure is to narrow the issues, to eliminate surprise, and to achieve substantial justice. The rules are meant to [e]nsure that . . . parties can obtain mutual knowledge of all the relevant facts gathered by both parties.") (internal quotations and citations omitted)). Unfortunately, the Plaintiff, by his own testimony and conduct, appears committed to engaging in such tactics. Accordingly, the Defendants request that this Court exercise its authority under Rule 37 and sanction the Plaintiff by precluding him from

[6] In his May 25, 2023 *Motion to Modify Scheduling Order*, counsel for the Plaintiff asserts: "Since the Court's entry of the existing scheduling order the parties have pursued discovery diligently.... Written discovery has been exchanged. Counsel for the parties have conferred and cooperated regarding discovery issues." (ECF 127, p.2 ¶4). As evidenced by the above history of noncompliance by the Plaintiff, the Defense does not agree with counsel's representations.

calling any witnesses or introducing any evidence (including evidence of damages), which should have been voluntarily and timely disclosed under Rule 26.

**2. Rule 30(b)(2) and Rule 34 Compliance**

As explained supra, the Defendants have submitted to the Plaintiff, two formal written requests for production (in addition to multiple informal verbal and email requests for compliance with discovery). At the parties' May 25, 2023 meet-and-confer, Plaintiff's counsel agreed to at least provide written answers to the one dated May 3, 2023. (Exhibit J, *Email Recap of Meet and Confer*, ¶ 12). However, to date, the Plaintiff has not provided the requested information or otherwise provided written responses or objections to the requests as required by the Federal Rules. *See* Rule 34(b)(2) ("The Party to whom the request is directed must respond in writing within 30 days after being served…"). Consequently, at this time, the Defendants do not know if the Plaintiff's silence indicates that the Plaintiff newly objects to the Defendants' production requests or simply has nothing responsive to disclose despite his earlier claims to the contrary. In either case, the Defendants were entitled under the rules, to a response setting forth the Plaintiff's position. Ignoring the Defendants was not, and is not, an option.[7] *Andrews v. Dragoi*, Civ. No. 3:21CV00264 (JCH) 2021 U.S. Dist. LEXIS 154497, at *5, 2021 WL 2021 4192150 (D. Conn. Aug. 17, 2021) (citing *Doe v. Mastoloni*, 307 F.R.D. 305, 308-09 (D. Conn. 2015) ("[A] party's complete failure to respond, by way of ... objection, answer, or motion for protective order, to a discovery request[] ... strikes at the very heart of the discovery system, and threatens

[7] See supra, n. 6.

the fundamental assumption on which the whole apparatus of discovery was designed, that in the vast majority of instances, the discovery system will be self-executing.")). Accordingly, the Defendants move this court to exercise its authority under Fed. R. Civ. P. 37 and Local Rule 37, and precluded the Plaintiff from introducing any evidence at trial that should have been disclosed in response to the Defendants' many written requests.

**D. Conclusion**

The Defendants are not seeking a compliance order, nor are they seeking any further extensions of the discovery period so that the Plaintiff can finally comply with his obligations. The Plaintiff has engaged in a bad-faith campaign of withholding discovery material and ignoring requests for compliance which has denied the Defendants their right to effectively defend against the allegations in the Plaintiff's Complaint. This conduct violates both the letter and the spirit of the Federal Rules of Civil Procedure. With the trial set to start in only four weeks and a few days from today, it is no longer possible to cure the Plaintiff's misconduct with late discovery. In fact, permitting the Plaintiff to provide late disclosure at some point in the future will only serve to reward the Plaintiff for his misconduct and place an undue burden on the Defendants and their counsel who will be forced to review, investigate and potentially respond to all of the late discovery in a highly condensed period of time rather than prepare for trial. Wherefore, in the interests of justice, the Defendants

move this Court to preclude from trial, the introduction of any and all evidence that has not been disclosed under Rules 26, 30 and 34.[8]

It must also be noted that Plaintiff's tactics have required counsel for the defense to expend unnecessary time and resources chasing the discovery material and preparing the instant motion for sanctions which time would have been more effectively spent on the substantive trial preparation of the Defendants' case. Accordingly, the Defendants also request that this Court impose costs on the Plaintiff for undersigned counsel's lost time in preparing the instant motion and memorandum of law. Undersigned Counsel conservatively estimates that she has spent a total of seven hours (at $350/hr) researching and preparing this motion and its accompanying thirteen exhibits.

*Respectfully submitted*,

DEFENDANTS,
Black, Diaz, and Drolet

WILLIAM TONG
ATTORNEY GENERAL

/s/ *Robin S. Schwartz* ct24891
Robin S. Schwartz
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Tel: (860) 808-5450
Fax: (860) 808-5591
Email: robin.schwartz@ct.gov

[8] The Defendants exempt from this request the testimony of inmate Burke, should the Plaintiff choose to call him as a witness, as the parties agreed at the meet-and-confer to reschedule his missed deposition for June 6, 2023.

## CERTIFICATION

I hereby certify that on June 2, 2023, a copy of the foregoing was filed electronically to the parties listed below and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

Patrick J. Filan, Esq.
E-Mail: pfilan@filan-law.com

/s/ Robin S. Schwartz
Robin S. Schwartz
Assistant Attorney
General