## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

DANIEL WINE,
*Plaintiff,*

v.

RONALD BLACK ET AL.,
*Defendants.*

No. 3:18-cv-704 (VAB)

## RULING AND ORDER ON MOTIONS *IN LIMINE*

Ronald Black, Ivette Diaz, and Christopher Drolet (collectively, "Defendants") have filed a motion *in limine* seeking to preclude the introduction of five (5) different sources or types of testimony and evidence during the upcoming jury trial in this case. *See* Def. Mot. in Limine, ECF No. 198 (Dec. 6, 2023) ("Def. MIL").

Daniel Wine ("Plaintiff" or "Mr. Wine") opposes this motion. *See* Mem. in Opp., ECF No. 211 (Dec. 27, 2023) ("Pl. Opp.").

Mr. Wine has also filed one motion *in limine* to preclude testimony, evidence, or references related to his charges or conviction, *see* Mot. in Limine, ECF No. 218 (Jan. 16, 2023) ("Pl. MIL"), which Defendants oppose, *see* Mem. in Opp. to Pl.'s Mot. in Limine, ECF No. 232 (Feb. 29, 2024) ("Def. Opp.").

For the following reasons, the motions *in limine* are **GRANTED in part** and **DENIED in part** without prejudice to renewal at trial.

1

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background

On April 24, 2018, Daniel Wine, an inmate who is currently incarcerated at the

MacDougall-Walker Correctional Institution ("MacDougall"), filed a civil rights complaint

under 42 U.S.C. § 1983 against Carol Chapdelaine, Lieutenant Christopher Drolet, Lieutenant

Ivette Diaz, and Captain Ronald Black. *See* Complaint, ECF No. 1 (April 24, 2018); Amended

Complaint, ECF No. 13 (June 7, 2018), Second Amended Complaint, ECF No. 20 (May 8,

2019).

On initial review, the Court determined that Mr. Wine's case should proceed on his

Fourteenth Amendment failure to protect claim against Lieutenant Drolet, Lieutenant Diaz, and

Captain Black in their individual capacities. *See* Initial Review Order, ECF No. 23 (July 19,

2020) ("IRO").

Defendants filed a motion for summary judgment, arguing that Mr. Wine failed to

comply with the Prison Litigation Reform Act ("PLRA") because he failed to exhaust his

administrative remedies. *See* Defs.' Mot. for Summ. J., ECF No. 67 (Apr. 8, 2022); Mem. in

Support of Mot. for Summ. J., ECF No. 67-4 (Apr. 8, 2022). Mr. Wine filed an opposition. *See*

Pl.'s Mem. in Opp. to Defs.' Mot. for Summ. J., ECF No. 71 (June 9, 2022). The Court denied

Defendants' motion for summary judgment on February 17, 2023, and initially scheduled trial

for July 10, 2023, then extended deadlines and reset the jury trial to January 9, 2024, and then

once again reset the jury trial for this case to June 26, 2024. *See* Order, ECF No. 108 (Feb. 17,

2023); Order, ECF No. 109 (Feb. 17, 2023); Order (Sept. 27, 2023); Order, ECF No. 221 (Jan.

17, 2023); Order, ECF No. 230 (Feb. 24, 2024).

### B.  Procedural History

The Court assumes familiarity with the procedural history of the case and includes only events relevant to the motions *in limine*.

On February 17, 2023, the Court denied Defendants' motion for summary judgment. *See* Order denying Mot. for Summ. J., ECF No. 108 (Feb. 17, 2023).

On February 23, 2023, Defendants moved for reconsideration of the denial of summary judgement. *See* Mot. for Reconsideration, ECF. No. 112 (Feb. 23, 2023).

On February 28, 2023, the Court denied Defendants' motion for reconsideration. *See* Order denying Mot. for Reconsideration, ECF No. 113 (Feb. 28, 2023).

On December 6, 2023, Defendants filed their motion *in limine*. *See* Def. MIL; Mem. in Supp. of Def.'s Mot. in Limine, ECF No. 198-1 (Dec. 6, 2023) ("Def. Mem.").

On December 27, 2023, Plaintiff filed his memorandum in opposition to Defendants' motion. *See* Pl. Opp.

On January 16, 2023, Mr. Wine filed one motion *in limine* to preclude testimony, evidence, or references related to his charges or conviction. Pl. MIL.

On February 29, 2024, Defendants filed an opposition to Mr. Wine's motion *in limine*. Def. Opp.

## II.     STANDARD OF REVIEW

Motions *in limine* provide district courts with the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in*

*limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citing *Luce*, 469 U.S. at 41 n.4).

A court should exclude evidence on a motion *in limine* only if the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No. 3:09-CV-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (internal quotation marks omitted). The court also retains discretion to "reserve judgment until trial, so that the motion is placed in the appropriate factual context." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) (internal quotation marks omitted).

## III.   DISCUSSION

### A.   Testimony about Robert Krawczynski's security risk group history and classification

The critical issues here are whether any testimony regarding the security risk group history and classification of Robert Krawczynski should be admitted into evidence, or excluded.

Defendants have submitted their arguments on this motion under seal, *see* Order Granting Motion to Seal, ECF No. 203 (Dec. 7, 2023); Sealed Document, ECF No. 200 (Dec. 6, 2023), and Plaintiff has not filed a written response but has reserved the right to present oral argument, Pl. Opp. at 1.

At this juncture, Defendants' motion to preclude testimony and evidence about Robert Krawczynski will be denied without prejudice to renewal at trial. At the final pretrial conference, the Court will address this issue more specifically.[1] For now, suffice it to say that if there is no record evidence that any of the Defendants had knowledge about any ongoing review of Mr. Krawczynski's security risk group history and classification, then the Court is likely to exclude

---

[1] To the extent that either party wishes to supplement their current filings on this issue, in light of the framing of the issue by the Court, they may do so by **June 7, 2024,** with any reply to any filing due by **June 14, 2024**.

any such evidence under Federal Rule of Evidence 403. Fed. R. Evid. 403 ("Rule 403") ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."); *see also Castillo v. Hogan*, No. 3:14-CV-1166 (VAB), 2019 WL 1649944, at *5 (D. Conn. Apr. 16, 2019) ("Plaintiff's motion to exclude [plaintiff and witness]'s prison discipline records and security risk group designations is DENIED without prejudice and the Court will permit Defendants to argue the relevance and admissibility of this evidence at trial."). Even if there is such record evidence, depending on the basis of this knowledge, there may still be grounds for its exclusion, depending on whether this knowledge alone is sufficient for the jury to draw a meaningful inference about the critical issue in this trial: whether the Defendants failed to protect Mr. Wine from an alleged attack by Mr. Krawczynski. *See id*.; *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Grp*., 937 F. Supp. 276, 286–87 (S.D.N.Y. 1996) ("[T]he precise basis for the evidence is not offered in the Joint Pre–Trial Order, the Court is not presently in a position to rule on this motion in limine.").

### B.  Post-Incident Testimony from Robert Krawczynski

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 ("Rule 401"). "Irrelevant evidence is not admissible." Fed. R. Evid. 402 ("Rule 402"). Relevant evidence is still subject to Rule 403, which provides that, although relevant, evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

cumulative evidence." Unfair prejudice under Rule 403 "may be created by the tendency of the evidence to prove some adverse fact not properly in issue or unfairly to excite emotions against the defendant." *United States v. Quattrone*, 441 F.3d 153, 186 (2d Cir. 2006) (citation omitted). To warrant excluding evidence under Rule 403, "[t]he prejudice must be unfair in the sense that it could unduly inflame the passion of the jury, confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of conduct not at issue in the trial." *Id.*

Defendants argue any disciplinary evidence about inmate Krawczynski that occurred after his altercation with Plaintiff on June 10, 2015, is irrelevant. Def. Mem. at 3–5.

Plaintiff argues that this testimony would be offered to contradict Defendants' denial that Plaintiff reported inmate Krawczynski's threats and their knowledge thereof, and it would contradict Defendant's denial that the Aryan Brotherhood existed at MacDougall. Pl. Opp. at 1–2.

The Court disagrees.

Mr. Wine's failure to protect claim requires him to prove that the Defendants acted with "deliberate indifference" to the threats to his safety. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee may establish a § 1983 claim for allegedly unconstitutional conditions of confinement by showing that the officers acted with deliberate indifference to the challenged conditions."). Any evidence of inmate Krawczynski's conduct or disciplinary action that occurred after he allegedly assaulted Mr. Wine on June 10, 2015, is not relevant to proving that the Defendants knew Mr. Wine's safety was threatened before the assault. *See, e.g., Brocuglio v. Proulx*, 478 F. Supp. 2d 309, 331 (D. Conn. 2007), *aff'd*, 324 F. App'x 32 (2d Cir. 2009) (excluding evidence of a tape-recorded conversation as irrelevant because the plaintiff

"could not demonstrate that the defendant officers were even aware that that the tape recorded conversation had occurred").

Accordingly, the Court will exclude testimony and evidence pertaining to Robert Krawczynski's conduct and disciplinary history after June 10, 2015. To the extent Plaintiff can present relevant testimony and evidence pertaining to Krawczynski's conduct or disciplinary history before June 10, 2015, the Court will permit this evidence.

### C.  The Testimony of Jeff Eiser

Federal Rule of Evidence 702 allows for expert testimony if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied principles and methods to the facts of the case." Fed. R. Evid. 702. To introduce expert testimony at trial, its proponent has the burden of demonstrating by a preponderance of the evidence that the testimony is competent, relevant, and reliable. *See Izzarelli v. R.J. Reynolds Tobacco Co*., 806 F. Supp. 2d 516, 531 (D. Conn. 2011) (citing *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 592 n.10 (1993)), *aff'd in part, vacated in part on other grounds*, 701 F. App'x 26 (2d Cir. 2017) (summary order). The Court must ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597. Deciding whether to admit expert testimony is within the "broad discretion" of the district court. *McCullock v. H.B. Fuller Co*., 61 F.3d 1038, 1042 (2d Cir. 1995).

Defendants argue that Mr. Eiser's testimony should be excluded for three reasons. Def. Mem. at 5–6. First, his methods are not scientific or specialized. *Id.* at 6–8. Second, Mr. Eiser is impermissibly offering his testimony as the ultimate legal conclusion. *Id.* at 8–11 Third, "Mr.

Eiser's opinions invades the province of the jury in that he seeks to opine about issues that are to be left to the jury's determination, specifically credibility." *Id.* at 12.

Plaintiff argues that Mr. Eiser's testimony is proper expert testimony under Federal Rule of Evidence Section 702 because (1) it "will be based on the facts elicited at trial[,]" (2) his testimony is not an opinion on an ultimate issue but rather provides background insight into industry standards, and (3) his testimony "does not invade the province of the jury." Pl. Opp. at 5–7.

The Court agrees, in part.

Mr. Eiser has been allowed to testify under Fed. R. Evid. 702 as a "jail operations expert" in multiple federal trials. *See, e.g.*, *Bryant v. Hensley*, No. CV 0:22-018-DCR, 2023 WL 3743571, at *5 (E.D. Ky. May 31, 2023) ("Eiser has testified as a jail operations expert in civil rights and tort litigation for both plaintiffs and defendants since 1994, and has testified in 29 cases in the past five years."); *Henderson v. Glanz*, No. 12-CV-68-JED-FHM, 2014 WL 2761206, at *3 (N.D. Okla. June 18, 2014) ("The Court therefore finds that Eiser is qualified to render a professional opinion regarding jail standards and administration."); *DuBois v. The Bd. of Cnty. Commissioners of Mayes Cnty.*, No. 12 CV-677-JED-PJC, 2016 WL 907971, at *2 (N.D. Okla. Mar. 9, 2016) ("Eiser is qualified to render testimony as it relates to the field of jail operations and correctional staffing, policies, procedures, and standards."); *Tanner v. City of Sullivan*, No. 4:11-CV-1361 NAB, 2013 WL 121476, at *2 (E.D. Mo. Jan. 9, 2013) ("Mr. Eiser is qualified to testify regarding industry standards, operations, and polices in jail administration.").

Additionally, the trial court's responsibility is to "ensure the reliability and relevancy of expert testimony" and not to "weigh the correctness of an expert's opinion, or to choose between

confliction opinions, or to analyze and study the science in question[.]" *Travelers Prop. & Cas. Corp. v. Gen. Elec. Co.*, 150 F. Supp. 2d 360, 364 (D. Conn. 2001) (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999)).

Mr. Eiser, however, will not be permitted to offer testimony that provides legal conclusions. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("although an expert may opine on an issue of fact within the jury's province, he may not give testimony stating ultimate legal conclusions based on those facts."). But whether his opinions constitute proper expert opinion, or are instead improper legal opinions, cannot be assessed sufficiently at this time, and therefore, the Court will wait to see how his testimony develops at trial. *Levinson*, 2013 WL 3280013, at *3 ("Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. A district court's *in limine* ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the . . . proffer." (quoting *Luce*, 469 U.S. at 41) (internal quotation marks omitted)).

Accordingly, the Defendants' motion to preclude Mr. Eiser's testimony will be denied, without prejudice to renewal at trial.

### D.  The Testimony of Dr. David M. Shafer

"[A] treating physician need not be explicitly designated as an expert witness under the Federal Rules of Civil Procedure." *Barack v. American Honda Motor Co., Inc.*, 293 F.R.D. 106, 108 (D. Conn. Apr. 18, 2013) (citing *Reilly v. Revlon, Inc.*, 2009 WL 2900252, at *3 (S.D.N.Y. Sept. 9, 2009) ("Treating physicians do not need to be designated as experts in order to testify. Furthermore, treating physicians, like all other fact witnesses, may give opinion testimony about plaintiff's condition and emotional damages pursuant to Fed. R. Ev. 702.").

"Although not required to provide a written expert report under Rule 26 (a)(2)(B), a party seeking to use a treating physician must disclose more than just the identity of the treating physician. '[I]f the witness is not required to provide a written report [under Rule 26(a)(2)(B), the witness's] disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.'" *Barack*, 293 F.R.D. at 108 (citing Fed. R. Civ. P. 26(a)(2)(C)). "Rule 26(a)(2)(C) therefore clearly requires treating physicians to, at a minimum, produce and disclose 'summaries' of the facts and opinions to which the physician expects to testify." *Id*.

Defendants argue that "Dr. Shafer should be precluded from offering opinions or testimony that are specialized expert testimony beyond his personal observations from treating the Plaintiff." Def. Mem. at 16. They argue that Plaintiff disclosed Dr. Shafer under Fed. R. Civ. P. 26(a)(2)(C) rather than Fed. R. Civ. P. 26(a)(2)(B), and thus Dr. Shafer's testimony is limited by Fed. R. Civ. P. 26(a)(2)(C). *Id*. Under this Rule, because Dr. Shafer did not—and did not have to—provide a written report, Defendants argue that he can only opine on what he saw and did, and not on any outside sources, such as Plaintiff's medical records or medical file, unless he wrote them personally. *Id*. at 16–17.

Plaintiff argues that Dr. Shafer was properly disclosed under Fed. R. Civ. P. 26(a)(2) and that, as a treating physician, he is not required to provide a written report. Pl. Opp. at 8–9. Plaintiff claims that Dr. Shafer can therefore testify, as stated in his disclosure, to "all matters as are of record in the hospital record of the University of Connecticut Health Center[.]" *Id.* at 8.

The Court agrees.

Treating physicians "who are not specially retained for the purposes of trial are not required to provide an FRCP 26(a)(2)(B) report," *Benn v. Metro-N. Commuter R.R. Co*., No. 3:18-CV-737 (CSH), 2019 WL 6467348, at *4 (D. Conn. Dec. 2, 2019) ("The courts in this circuit agree that treating physicians are properly categorized as experts even when they are not required to prepare a Rule 26(a)(2)(B) report."). Dr. Shafer may therefore testify as an expert to the facts specified in his disclosure. *See McAfee v. Naqvi*, No. 3:14-CV-410 (VAB), 2017 WL 3184171, at *4 (D. Conn. July 26, 2017) ("A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).").

Defendants cite *McAfee* for the proposition that "the plaintiff's disclosure of his treating physicians' testimony was deficient under Rule 26(a)(2)(C) because it failed to provide sufficient detail." Def. Mem. at 17 (citing *McAfee*, 2017 WL 3184171, at *5). But *McAfee* is inapposite because the question there was "whether [plaintiff's] response to Interrogatory 33 constitute[d] sufficient disclosure under Rule 26(a)(2)(C)[,]" and "if the proffering party provides a sufficient disclosure under Rule 26(a)(2)(C), then there is no need 'to limit the scope of the treating physician's expert opinion to plaintiff's treatment, by excluding therefrom matters beyond plaintiff's course of treatment, i.e., information acquired from outside sources.'" *McAfee*, 2017 WL 3184171, at *4 (quoting *Pitterman v. Gen. Motors LLC*, No. 3:14-CV-00967 (JCH), 2016 WL 2892537, at *2 (D. Conn. May 17, 2016)).

Furthermore, "courts in the second circuit have not appeared to settle on the precise level of detail required under Rule 26(a)(2)(c)." *Olutosin v. Gunsett*, No. 14-CV-00685 (NSR), 2019

WL 5616889, at *3 (S.D.N.Y. Oct. 31, 2019) (citing *RMH Tech LLC v. PMC Indus., Inc.*, No.

3:18-CV-543 (VAB), 2018 WL 5095676, at *7 (D. Conn. Oct. 19, 2018)). Dr. Shafer's

disclosure here summarizes Dr. Shafer's treatment experience and expertise, subject matter

testimony, and facts and opinions, in contrast to the level of detail found lacking elsewhere. *See,*

*e.g.*, *Olutosin*, 2019 WL 5616889, at *3 ("Defendants have summarized no facts at all. Beyond

listing the subject matter of the proposed testimony, Defendants' disclosure provides nothing

more than a brief statement that DSS Russo and/or Royce will testify about 'the use of force in

this matter.'"). In fact, here Plaintiff has provided the following rather detailed summary of the

expected testimony:

> (O)n June 10, 2015 the plaintiff was taken by ambulance to the
> University of Connecticut Health Center, John Dempsey Hospital.
> He gave a history of having been struck in the face multiple times
> with an object at MacDougall-Walker Correctional institute. He
> reported a loss of consciousness. He was first seen in the Emergency
> Department where he was found to have bilateral mandible fractures
> and a left zygomatic / maxillary complex fracture. He was admitted
> to the oral maxillofacial service. Initial plan was for an open
> reduction and internal fixati0nm of the fractures and injection of the
> left zygoma.
>
> On June 11, 2015 the plaintiff underwent surgery performed by Dr.
> Shafer under general anesthesia. Surgical findings included
> comminuted (shattered) displaced fractures of the right mandible,
> left mandibular body, left zygoma, and related injuries. Multiple
> teeth were extracted. Due to the painful nature of the injuries,
> surgery, and treatment the plaintiff required and was prescribed
> multiple pain medications including without limitation
> acetaminophen and hydromorphone. Dr. Shafer is expected to
> testify that the plaintiff's injuries caused permanent disfigurement
> and limitation. He is expected to testify as to medical expenses
> associated with the care and treatment rendered.

Pl. Opp. at 8–9.

Accordingly, the Defendants' motion to preclude Dr. Shafer's testimony will be denied

without prejudice to renewal at trial.

### E.  The Testimony of Dana Wine

"The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement 'offer[ed] in evidence to prove the truth of the matter asserted in the statement.'" *U.S. v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (quoting Fed R. Evid. 801(c)). "Hearsay is admissible only if it falls within an enumerated exception." *Id*. (citing Fed. R. Evid. 802).

Defendants argue that testimony from the Plaintiff's sister about "what [he] told her prior to the assault [including] that he was being harassed by inmate Krawczynski and other inmates" is inadmissible hearsay. Def. Mem. at 22. They claim that "introduce[ing] his sister's testimony to prove to the jury that, not only did he, in fact, tell his sister that Krawczynski and others were threatening him before the physical altercation, but that what he told her was true" is "textbook hearsay" that is prohibited by Federal Rule of Evidence 802. *Id.*

In response, Plaintiff first argues that this testimony is relevant and admissible because it contradicts the Defendants' denial that plaintiff told them about the threats and harassment by inmate Krawczynski. Pl. Opp. at 10. Second, it is evidence that "plaintiff viewed the threats as serious." *Id.* Finally, Plaintiff claims "[i]t is a statement by a party [and] [i]t is admissible for the truth of the matter asserted." *Id.*

The Court disagrees.

Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)–(2). Under the Federal Rules of Evidence, Mr. Wine's out-of-court statements to his sister are hearsay, and they are inadmissible because he does not properly identify any hearsay exception under which they are admissible. *See Camera v. Freston*, No. 3:18-CV-01595 (SALM), 2022 WL 557569, at *2 (D. Conn. Feb. 24,

2022) ("'Hearsay is not admissible unless a Federal Rule of Evidence, a federal statute, or a rule prescribed by the Supreme Court 'provides otherwise[.]'" (quoting Fed. R. Evid. 802)).

Accordingly, testimony from Dana Wine about what her brother told her before the incident will be precluded.

### F. Testimony, Evidence, or Reference to Mr. Wine's Charges and Conviction

Federal Rule of Evidence 609 ("Rule 609") states that "evidence of a criminal conviction" for crimes punishable "by imprisonment for more than one year . . . must be admitted, subject to Rule 403[.]" Fed. R. Evid. 609(a)(1)(A). Federal Rule of Evidence 609(a)(1) "presumes that all felonies are at least somewhat probative of a witness's propensity to testify truthfully," although "all Rule 609(a)(1) felonies are not equally probative of credibility." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005).

In *Estrada*, the Second Circuit discussed how some crimes rank "high on the scale of probative worth on credibility" such as "crimes that involve evasions of responsibility or abuse of trust, a category that includes smuggling or failure to register or report when required, and at least sometimes drug importation and even sexual abuse of children in [the witness's] care." *Id.* at 618 (alterations in original). On the other hand, for crimes "ranking low on that scale, including crimes of violence" which can include "particularly depraved and offensive acts, such as wanton violence or sexual immorality, the jury is likely to draw the prejudicial inference that the witness is a bad person while at the same time the jury may derive little probative value from the conviction since these crimes say little about credibility[.]" *Id.*

> In balancing the probative value against prejudicial effect under [Rule 609], courts examine the following factors: (1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness. While all of these factors are relevant, prime among them

> is the first factor, i.e., whether the crime, by its nature, is probative
> of a lack of veracity. The district court has wide discretion to impose
> limitations on the cross-examination of witnesses, which includes
> the discretion to exclude the nature or statutory name of the offense.

*Smith v. Perez*, No. 3:19-CV-1758 (VAB), 2023 WL 4540439, at *4 (D. Conn. July 14, 2023)

(internal citations and quotation marks omitted); *see also Fraser v. Caribe*, No. 3:20-CV-00071

(SVN), 2023 WL 2889359, at *1 (D. Conn. Apr. 11, 2023).

Even if the court finds prior convictions probative—whether high or low on the scale—

under Rule 609, evidence of convictions are still subject to Rule 403, which as discussed above,

provides that evidence may be excluded "if its probative value is substantially outweighed by a

danger of one of more of the following: unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Rule 403. Unfair

prejudice under Rule 403 "may be created by the tendency of the evidence to prove some

adverse fact not properly in issue or unfairly to excite emotions against the defendant."

*Quattrone*, 441 F.3d at 186 (citation omitted). To warrant excluding evidence under Rule 403,

"[t]he prejudice must be unfair in the sense that it could unduly inflame the passion of the jury,

confuse the issues before the jury, or inappropriately lead the jury to convict on the basis of

conduct not at issue in the trial." *Id.*

Here, Mr. Wine moves to exclude reference to the crimes of which he was charged and

convicted on grounds that they are irrelevant to his failure to protect claim. Pl. MIL at 1. He

argues that even if they are relevant, they should still be excluded under Rule 403 because they

are more prejudicial than probative. *Id.* Mr. Wine does not raise any arguments for exclusion

under Rule 609.

Defendants argue that Mr. Wine's conviction history is admissible for purposes of impeachment and is admissible under Rule 403 and Rule 609. [2] Def. Opp. at 10–21 ("Rule 609 instructs that a civil Plaintiff's conviction history 'must be admitted' at a civil trial subject to the balancing test outlined in Rule 403." (quoting Fed. R. Evid. 609)). Defendants also argue that the evidence of the criminal charges were relevant because "Plaintiff's entire theory of the case is predicated on his assertions that he was targeted in 2015 with violence by other inmates *because* he was an accused child sex offender, that Defendants deliberately ignored his pleas for protection from that violence *because* they perceived him as a 'child rapist,' and that inmate Krawczynski ultimately assaulted him *because* he was an accused child molester." Def. Opp. at 20 (emphasis in original).

As to their impeachment value, Defendants argue that Mr. Wine's conviction history "fall[s] toward the higher end of the spectrum of being probative of credibility." Def. Opp. at 15 ("The Plaintiff was convicted of sexually abusing a young child who, because of the Plaintiff's relationship to that child, was frequently in his care for many years. It goes without saying that the sexual abuse of a minor by a care-taker involves an abuse of trust." (citing *State v. Daniel W.*, TTD-CR14-0104934-T)). They argue that "Plaintiff's conduct here evinces a high degree of dishonesty – he repeatedly preyed on a vulnerable victim in his home and covered it up to avoid detection and responsibility for years. The Plaintiff's penchant for deceit and manipulation is

---

[2] Defendants also argue that Mr. Wine's motion *in limine* should be denied because it is untimely, Def. Opp. at 4–9, and because it is so inadequate that it should be considered forfeited, *id.* at 9–10, but given the multiple extensions of time that both parties have filed and that the Court has granted, *see, e.g.*, Order granting Mot. for Extension of Time, ECF No. 228 (Feb. 6, 2024), Order granting Mot. for Extension of Time, ECF No. 213 (Dec. 30, 2023); Order granting Mot. for Extension of Time, ECF No. 195 (Nov. 17, 2023); Order granting Mot. for Extension of Time, ECF No. 193 (Nov. 8, 2023); Order granting Mot. for Extension of Time, ECF No. 172 (Sept. 8, 2023); Order granting Mot. for Extension of Time, ECF No. 129 (May 26, 2023), and given that Plaintiff's counsel is appointed *pro bono*, *see* Order Appointing Pro Bono Counsel, ECF No. 49 (Jan. 8, 2021), the Court will not entertain these arguments. Moreover, the Court explicitly provided Plaintiff leave to file this motion. *See* Order Granting Mot. for Leave to File, ECF No. 220 (Jan. 17, 2024).

highly relevant to the question of his credibility that will be front and center for the jurors in this case." *Id.* at 16.

Defendants also argue that Mr. Wine's conviction is not remote because he was convicted in 2016, which is "well within the ten-year limitation on presumptive admissibility" and he is still serving his sentence on the convictions. *Id*. at 16–17.

Defendants further argue that the lack of similarity between the criminal conduct of which Mr. Wine was convicted and the issues here weigh in favor of admission. *Id*. at 17 ("The present case involves a violent altercation that took place between the Plaintiff and another adult, male inmate which resulted in the Plaintiff being injured. The Plaintiff claims the Defendants failed to protect him from this violent incident; the Defendants contend that they did not know, and could not have known, that the physical altercation was going to occur and therefore could not protect the Plaintiff from it. This scenario bears no resemblance to allegations that the Plaintiff abused his position of trust and sexually assaulted a minor female child in his care.").

Finally, Defendants argue that Mr. Wine's credibility is crucial to his claim because he alleges that he verbally told all three of the defendants of the threats being made toward him and all three of the defendants deny that they were ever informed. *Id*. at 12–13. Defendants argue that Mr. Wine "will be the main witness for his case at trial and whether the jury finds him credible will have a large impact on the outcome of the trial." *Id*. at 13.

The Court disagrees.

While evidence of Mr. Wine's conviction may be relevant to his credibility, the Court must still analyze its risk of prejudice under Rule 403. *See Ramsay-Nobles v. Keyser*, No. 16 CIV. 5778 (CM), 2020 WL 359901, at *3 (S.D.N.Y. Jan. 22, 2020) ("The trial court must evaluate information about the witness's prior convictions in order to determine whether the

presumption of admissibility in Rule 609(a)(1) is overcome by Rule 403 'unfair prejudice.'"

(citing *Estrada*, 430 F.3d at 617)).

Under Rule 609(a)(1), the statutory name of Mr. Wine's conviction, its date, and the

sentence imposed are admissible unless "the probative value of that evidence 'is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

by considerations of undue delay, waste of time, or needless presentation of cumulative

evidence.'" *Estrada*, 430 F.3d at 620–21 (quoting Fed. R. Evid. 403). Even if all four of the

*Estrada* factors weigh in favor conviction evidence being probative, the prejudicial risk

outweighs this evidence's probative value.

Rule 403 considerations and mitigation of unfair prejudice involve more than, as

Defendants suggest, "the use of targeted voir dire" or "the use of limiting instructions when the

information is elicited" or "the Court's final jury instructions." Def. Opp. at 19–20. While

"confusing the issues, misleading the jury, undue delay, wasting time" are all things the Court

must consider under Rule 403, and bringing in evidence of first-degree sexual assault of a minor

for what may be tried as a simple failure-to-protect claim risk doing all these things—to such a

degree that Mr. Wine's trial may be de-railed by and become a side trial into an in-depth

examination of the facts of Mr. Wine's criminal history, the consideration that weighs the

heaviest here is the risk of prejudice. *See Ramsay-Nobles*, 2020 WL 359901, at *3 ("the

prejudicial value of a sex crime substantially outweighs any probative value it might have (which

is, by the way, de minimis) relating to the credibility of the witness. It may not be referred to

during the trial.").

Indeed, courts in the Second Circuit regularly find in cases with a similar procedural

history to this one—in which an inmate bringing a § 1983 claim moved to preclude evidence of

past sex crime conviction at the trial—that evidence of sex crimes is unduly prejudicial and generally outweigh any probative value they may have. *See, e.g.*, *Bradshaw v. Fletcher*, No. 9:19-CV-428 (BKS) (TWD), 2024 WL 149748, at *4 (N.D.N.Y. Jan. 12, 2024) ("Plaintiff's convictions for rape in the first degree, aggravated sexual abuse in the fourth degree, and criminal sexual act in the first degree are not admissible to impeach Plaintiff because the probative value of evidence of these convictions is substantially outweighed by the danger of unfair prejudice."[3]); *Myers v. Collins*, No. 9:20-CV-465 (BKS) (DJS), 2023 WL 6122715, at *4 (N.D.N.Y. Sept. 19, 2023) ("[T]he admission of evidence of Plaintiff's sexual abuse and attempted use of a child for a sexual performance convictions have "the possibility of 'inflam[ing] the jurors' prejudice against [Plaintiff], their . . . emotional response to an event otherwise factually unconnected to his testimony or the facts of the case eclipsing whatever veracity he may otherwise have had in their eyes.'" (alterations in original)); *Doe v. Lima*, No. 14 CIV. 2953 (PAE), 2020 WL 728813, at *6–7 (S.D.N.Y. Feb. 13, 2020) (precluding reference to sex offenses and refusing to "to indulge [defendant]'s hope that this inquiry might unearth such deceptive acts, would invite a 'trial within a trial,' hijacking a targeted inquiry into damages and converting it into an exploration of decades-old crimes. This would at once promote delay, risk confusing the jury as to its finite mission, and create a high risk of unfair prejudice to plaintiffs"); *Maize v. Nassau Health Care Corp.*, No. CV 05-4920 ETB, 2012 WL 139261, at *3 (E.D.N.Y. Jan. 18, 2012) ("[T]he 'prejudice of the evidence substantially outweighs its probative value' and that the two prior rape convictions are therefore excluded pursuant to Rule 403.").

---

[3] At the same time that the court allowed the statutory names of the offenses for burglary and robbery to be admitted as impeachment evidence, the court there ruled that the sex offense convictions were not admissible to impeach the plaintiff "because the probative value of evidence of these convictions is substantially outweighed by the danger of unfair prejudice." *Bradshaw v. Fletcher*, No. 9:19-CV-428 (BKS) (TWD), 2024 WL 149748, at *4 (N.D.N.Y. Jan. 12, 2024).

To the extent that Mr. Wine seeks to provide testimony in support of his theory of the case,[4] either directly or through any other witness, expert or lay, then any such testimony may open the door to a broader inquiry. For now, the Court will only allow evidence as to the fact that Mr. Wine was convicted of a felony, the date of his conviction, and the sentence he received. *See Fraser*, 2023 WL 2889359, at *3 ("Thus, as courts in this circuit have regularly done, cross-examination of Plaintiff will be limited with respect to those three convictions to the facts that Plaintiff sustained the three felony convictions, the date of those convictions, and the sentences received. Any cross-examination regarding the names or nature of those offenses is prohibited." (citations omitted)); *Anselmo v. Mehalick*, No. 9:20-CV-1460 (MAD) (ATB), 2023 WL 2692431, at *3 (N.D.N.Y. Mar. 29, 2023) ("the probative value of the nature of the underlying [burglary, kidnapping, and rape] convictions is substantially outweighed by the danger of unfair prejudice. Of course, in the event that Plaintiff opens the door on this issue, by attempting to bolster his own credibility or raising the issue of his underlying convictions, Defendants will be permitted to cross-examine him on the relevant details of these convictions." (citation omitted)); *Smith*, 2023 WL 4540439, at *4 (D. Conn. July 14, 2023) ("in order to strike the proper balance between the crime's admissibility under Rule 609(a) and its prejudicial effect" on Mr. Smith, the Court will permit Defendants to introduce evidence related to the fact that Mr. Smith was convicted of a felony, and the date of the felony conviction. The Court will preclude Defendants from introducing any other details of Mr. Smith's conviction, including the essential elements, the statutory name of the offense, and the length of his prison sentence." (citation omitted));

---

[4] Defendants argue that "Plaintiff's entire theory of the case is predicated on his assertions that he was targeted in 2015 with violence by other inmates because he was an accused child sex offender, that Defendants deliberately ignored his pleas for protection from that violence because they perceived him as a 'child rapist,' and that inmate Krawczynski ultimately assaulted him because he was an accused child molester." Def. Opp. at 20 (emphasis in original). Plaintiff, however, has moved to preclude evidence of his underlying offense, and the Court therefore must review this motion based on the law, not on what Defendants consider to be Plaintiff's "theory of the case."

*United States v. Brown*, 606 F. Supp. 2d 306, 312 (E.D.N.Y. 2009) ("In the Second Circuit, it is

within the discretion of the district courts to further limit the evidence of the prior conviction to

exclude the nature or statutory name of the offense"); *Giles v. Rhodes*, No. 94 CIV. 6385 (CSH),

2000 WL 1510004, at *1 (S.D.N.Y. Oct. 10, 2000) ("[N]umerous courts have exercised their

discretion to admit evidence of the fact that a witness has been convicted of a felony while

barring evidence of the underlying details of the offense."); *Twitty v. Ashcroft*, No. 3:04-CV-410

(DFM), 2010 WL 1677757, at *3 (D. Conn. Apr. 23, 2010) (holding that "evidence as to the date

of the plaintiff's two felony convictions and the sentence is admissible," but that "the names of

the convictions are not" (collecting cases)); *Olutosin*, 2019 WL 5616889, at *14 ("[G]iven the

relatively minimal probative value of murder on veracity compared to the unfair bias it may

create, as well as general the remoteness of the conviction, the Court will limit impeachment to

the fact that he has a conviction and the sentence it entailed."); *cf. Brooks v. Farnum*, No. 9:14-

CV-477 (MAD) (DJS), 2020 WL 495171, at *4 (N.D.N.Y. Jan. 30, 2020) ("While the Court

acknowledges that Defendants must be permitted to refer to the fact that Plaintiff is civilly

confined and that they should be permitted to describe the general nature of the environment at

[the mental health facility], the Court is not convinced that referring to Plaintiff as a 'violent sex

offender' would be appropriate.").[5]

Accordingly, other than what has been deemed permissible in this Ruling and Order, the

introduction of testimony, evidence or reference to Mr. Wine's charges or conviction will be

precluded, for now.

---

[5] Given the length and otherwise thoroughness of Defendants' opposition motion, the Court is surprised—to say, the very least—that Defendants did not refer to, much less address, the analyses under Rules 609 and 403 undertaken by these various courts, which involved both criminal offenses and civil lawsuits not dissimilar to Mr. Wine's.

**IV.     CONCLUSION**

For the foregoing reasons, the motions *in limine* are **GRANTED in part** and **DENIED in part** without prejudice to renewal at trial.

**SO ORDERED** at New Haven, Connecticut, this 17th day of May, 2024.

      /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge